IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

ABRAHAM GRANT                                                                                    PETITIONER
ADC #128147

V.                                      NO: 4:15CV00057 JLH/JWC

WENDY KELLEY                                                                                    RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.

Mail your objections to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

### DISCUSSION

Petitioner Abraham Grant, an inmate of the Arkansas Department of Correction's Varner Super Max Unit, filed this action, along with an application for leave to proceed *in forma pauperis*, on January 23, 2015. (Document #2) He styled it as a petition for judicial review, citing 5 U.S.C.A. § 701.[1] He asks this Court to review a decision of the Arkansas Supreme Court dated November 6,

---

[1] 5 U.S.C. §§ 701 *et. seq.* are provisions dealing with judicial review of federal agency decisions. They have applicability to review of court decisions, and clearly would not provide Petitioner with an avenue for relief, even if his complaint were to be considered on its merits.

2014, denying his petition for a writ of error coram nobis and request for injunction. By way of a pleading filed February 18, 2015, he seeks review of an Arkansas Supreme Court decision dated June 3, 2010, which denied a similar petition. (Document #4)[2]

Petitioner was convicted of capital murder and battery in the first degree in 2003. He was sentenced to life imprisonment, without parole. A direct appeal of that conviction was unsuccessful, as have been several other attempts to obtain relief in Arkansas state courts. He has previously filed at least nine habeas petitions in this Court, all attempting to attack his 2003 conviction. Following his first attempt, his subsequent petitions have been dismissed as being successive, and on January 20, 2012, District Judge J. Leon Holmes entered an order in E.D. Ark. Case No. 5:12cv28, barring him from filing another habeas case without pre-approval. In a recent recommended decision, Magistrate Judge Beth Deere set forth the history of his filings in this Court.[3]

Petitioner attempts to avoid dismissal by characterizing the instant action as requesting review of the two decisions of the Arkansas Supreme Court. Nevertheless, the essence of his petition is to mount a collateral attack on his 2003 conviction and it is properly characterized as a petition for habeas corpus relief. The fact that he asks for review of the state court decisions is irrelevant.

This Court has the power to summarily dismiss a petition for writ of habeas corpus. Rule 4, Rules Governing § 2254 Cases in the United States District Courts. The Court should dismiss a petition when the Court records show it is a successive petition filed without authorization from the

---

[2] Petitioner styled this pleading as a motion pursuant to the Confrontation Clause of the United States Constitution.

[3] E.D. Ark. Case No. 5:14cv410, Document #3. This recommendation was adopted by the District Judge.

Court of Appeals. *Burton v. Stewart*, 549 U.S. 147, 152-53, 157 (2007), *Blackmon v.Armontrout*, 61 Fed.Appx. 985, 985 (8th Cir. 2003).   By statute, a petitioner attempting to file a successive petition must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition.  28 U.S.C. § 2244(b)(3)(A).  It is clear from this Court's records that Petitioner's petition is successive.  He challenges the same 2003 conviction and raises many of the grounds that he has previously raised in this court. Nothing in the record indicates that Petitioner has obtained the necessary authorization.  This Court lacks jurisdiction to hear the petition.

## **CONCLUSION**

I recommend that the Court dismiss the petition without prejudice, for lack of jurisdiction, and that, because it is clearly successive, there is no basis for a certificate of appealability.  The Court should certify that an *in forma pauperis* appeal would be frivolous and not in good faith, and all pending motions should be denied as moot.

DATED this 4th day of June, 2015.

_____
UNITED STATES MAGISTRATE JUDGE